NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK BIEGLER,

Plaintiff-Appellant,

v.

G.M.I. N.A. INC., DBA GMI Insurance; et al.,

Defendants-Appellees.

No.    21-35012

D.C. No. 6:20-cv-00032-CCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted January 18, 2022
Honolulu, Hawaii

Before:  O'SCANNLAIN, MILLER, and LEE, Circuit Judges.
Concurrence by Judge O'SCANNLAIN

Mark Biegler, an insurance agent, appeals from the district court's dismissal

of his claims against an insurance broker, GMI.  We review the district court's order

granting the motion to dismiss for failure to state a claim de novo.  *See L.A. Lakers,*

*Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 1291, and we affirm.

This lawsuit arises out of an insurance policy that Biegler obtained for his client, Fleetlogix, from United Specialty Insurance Company and Underwriting Service Management Company, LLC (collectively, the "Carrier"). Biegler worked with Amy Phillips, an employee at GMI and the insurance broker who dealt directly with the Carrier on Biegler's behalf. After Fleetlogix filed the first claim under the policy, the Carrier initially declined coverage on the mistaken belief that the policy was an excess one. In a conversation with Biegler, the Carrier ultimately conceded that the policy was primary, but claimed that Phillips from GMI misled the Carrier by saying that "there was other coverage." Nonetheless, the Carrier agreed to continue the coverage under the policy as written. But with more claims accumulating, the Carrier canceled the policy and cited the absence of an underlying policy as the reason for cancellation. Upset over the cancellation, Fleetlogix terminated its relationship with Biegler. In his complaint, Biegler asserted that GMI's negligence, breach of various duties, and negligent misrepresentation caused him the loss of a valuable customer.

The district court concluded that all of Biegler's claims against GMI fail for the simple reason that GMI did exactly what it said it would do: procure a primary coverage policy for Fleetlogix. Biegler argues that his claims are more nuanced, and that the procurement of a primary policy does not undermine his claims because

2

GMI allegedly misled the Carrier about the nature of the policy, thus rendering the Carrier an "unwilling" insurer.

We need not opine on the precise contours of an insurance broker's duty under Montana law because the complaint's theory of an "unwilling" insurer is simply implausible. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts are not required to accept as true allegations that are "unwarranted deductions of fact, or unreasonable inferences"). Here, the written policy issued by the Carrier plainly provided primary coverage, undercutting any inference that the Carrier was unaware that it was a primary policy or that the Carrier was an "unwilling" insurer. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). Further, there is no dispute that the Carrier received premiums commensurate to a primary, not excess, insurance policy. And the Carrier was apparently willing to pay some claims under the policy at first (until they began accumulating), suggesting that the Carrier was not an unwilling one.

In sum, Biegler did not plead any facts that would explain how or why the Carrier would issue a policy without knowing what coverage it provided. His theory of an "unwilling" insurer is thus implausible.

**AFFIRMED.**

*Biegler v. G.M.I. N.A. Inc.*, No. 21-35012

O'SCANNLAIN, Circuit Judge, concurring:

I agree with the panel's conclusion: "Biegler did not plead any facts that would explain how or why the Carrier would issue a policy without knowing what coverage it provided." Nowhere in his Complaint, for example, does Biegler hint at why or how Phillips would have misunderstood or misrepresented what Fleetlogix wanted, such that she would or could have misled the Carrier. Nor does he allege the Carrier was unsophisticated or otherwise unable to understand the terms of the agreement, which Biegler claims the Carrier "conceded . . . did provide primary coverage." Without any "unwarranted deductions of fact[] or unreasonable inferences," *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), Biegler's complaint fails to state a claim against GMI.